IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 28, 2003 Session

## STATE OF TENNESSEE v. DANIEL ANDREW DECKER

**Appeal from the Criminal Court for Hamilton County**
**No. 239147   Rebecca Stern, Judge**

**No. E2003-00922-CCA-R10-CD**
**March 25, 2004**

JOSEPH M. TIPTON, J., dissenting.

I respectfully dissent. I do not believe the record justifies removing counsel from representing the defendant. I see no design or scheme in place by which Ms. Gothard sought to thwart justice or its proper administration. Nor do I view the case as one by which she made material misrepresentations or disobeyed trial court orders. Rather, I find material discrepancies between the trial court's findings, upon which the majority opinion is based, and the transcript of trial court proceedings. For example, the majority opinion specifies counsel's failing to comply with the trial court's "directive" to have her expert witness in court to support her request for a continuance. However, the trial court did not order counsel to produce the expert nor did counsel defy any such order.

At the outset, it is important to note that the record reflects that the trial court had no problem or concern with continuing the trial from its March 18, 2003 setting. It was the resetting of the trial that became the problem. At this point, the primary concern expressed by Ms. Gothard related to the defendant's mitigation expert needing sufficient time to prepare for trial, asserting that the expert needed six or seven more months. She also was concerned about her existing trial schedule.

Ms. Gothard asked the court to set the trial in late October or early November. The state vigorously opposed such a delay, and the trial court, saying it desired a compromise, stated that it wanted the defendant to have his experts "but [wanted] to put a fire under the experts."

Ms. Gothard iterated her concern about her trial schedule, and the trial court responded that someone in her office needed to help her or to take over the case. The trial court deemed October too long a time and decided to look at the July calendar. Ms. Gothard noted that both she and the prosecutor in the case had a capital case set for July 7. The trial court then proposed August, but Ms. Gothard said that she had a capital case beginning September 2 and that setting this life-without-parole case in between was "kind of tough."

A discussion occurred about Ms. Gothard's trial schedule and her other major cases. Counsel asked for September, and in response to the court's inquiry as to when, she suggested the week of the 23rd or the 30th. The state then asked for July 22. At this point, the trial court commented that it would see if other qualified lawyers could take over and be ready in July, remarking that the public defender's office was "swamped right now with these kind of cases." When the court asked Ms. Gothard about her or another person from her office trying the case on July 22, Ms. Gothard responded to the effect that the problem was in expert witness preparation by then. The trial court stated that it would like the public defender's office to try the case on July 22, or it would look for an attorney who could. After indicating that she did not think anybody else could be ready, Ms. Gothard stated, "We'll set it for July 22." Thus, I do not believe she "rejected" July or August dates, nor did she say, as the trial court's order states, that she "could not possibly be prepared for trial in July because she had two Death Penalty cases" in early July and September.

I note that at this point, the prosecutor requested that the public defender be removed from the case. He asserted that in the post-conviction case for Leroy Hall several months earlier, Ms. Gothard testified that she was ineffective as trial counsel because she was too busy and did not tell the court of the problem. In response, Ms. Gothard stated, "That's not the total story of that . . . ." The majority opinion apparently considers this significant, but I fail to see the relevance of her conduct in a trial that occurred some eleven years earlier.

The trial court continued to discuss looking for another lawyer, and counsel continued referring to the amount of work the experts had to do. The court then deferred the hearing for a week, until February 24, 2003, stating that it would see if another attorney could try the case in July and if Ms. Gothard could get some help from the public defender's office. In closing, the trial court noted that if one of the defendant's experts was going to be in court at that time on another matter, as the prosecutor asserted, "it might be something we need to take up while she is here." The trial court did not "order" the expert to be present.

On February 24, Ms. Gothard presented an affidavit from an expert to the trial court in chambers. In open court, she again argued for a continuance. Upon inquiry, she acknowledged having told her expert to prioritize other cases but asserted that she did not tell the expert to ignore this case. She also explained that a dearth of experts existed, the implication being that one particular expert was being used on the various cases. The trial court stated that the expert's affidavit was insufficient and that the only question would be whether the expert was examined ex parte or in open court with the prosecutor present. Ms. Gothard asserted that she had no problem with the trial court questioning the expert except that it should be done ex parte because of work product and confidential communications. After further discussions, the trial court ruled that the expert would have to appear in open court and testify in order to justify the amount of time being requested by counsel. The majority opinion states that Ms. Gothard then "insisted" on an interlocutory appeal. In fact, she said, "We would like to take an interlocutory appeal on that, Judge," to which the trial court readily agreed. The trial court told Ms. Gothard to have the order granting the interlocutory appeal prepared by the following Monday, and upon request by the prosecutor, Ms. Gothard stated that she would send a copy of the order to him by Thursday. The trial

court warned Ms. Gothard that if the order granting an interlocutory appeal was not prepared by Monday, she would have to proceed by an extraordinary appeal without the trial court's permission.

As the majority opinion recounts, Ms. Gothard subsequently appeared without an order and advised the trial court that she was not pursuing an appeal. Ms. Gothard's explanation appears as follows:

> THE COURT: And we knew the trial date was cancelled in March.
>
> Ms. Gothard: That's correct. But in trying to do the order to state the reasons for the appeal, the reasons for the appeal was the Court setting of the trial date, July 22nd, and not granting an ex parte hearing to show that that date was unreasonable.
>
> THE COURT: I thought the appeal was because I was saying your expert had to come in and explain the reasons he couldn't be ready by July 22nd.
>
> Ms. Gothard: Well, I guess that's part of the problem. That's the confusion to me. The problem is -- the problem is in having discussed this with the appellate people here and elsewhere in the State, the determination -- once I said I was going to appeal, that's when the trial date of July the 22nd was cancelled, it was cancelled last week. In essence, what everybody is telling me, great, you have got an appellate issue but you have no vehicle for getting it there.
>
> With the trial date having been cancelled, then in essence any argument that I have in terms of that not being a fair date, has been made moot or it is not ripe at this point.

After further discussion, the trial court stated that it should be receiving a stipulation of facts and an order ready to sign regarding the interlocutory appeal. In response, Ms. Gothard stated the following:

> In attempting, in my office, in attempting to put together a stipulation of facts, we started talking about the fact that, in essence, procedurally this was so screwed up at this point because the reason -- the reason that I was saying that my expert -- the whole reason this came about is because the Court was setting a trial date that was not giving my expert sufficient time. Now the Court has done away with any trial date.

The trial court stated that Ms. Gothard was playing games and ordered her removed from the case.

I see no order by the trial court that Ms. Gothard disobeyed. The trial court did not "order" the expert to appear in court and did not "order" the defense to pursue an interlocutory appeal. I also believe the record preponderates against any finding that Ms. Gothard made material representations regarding the expert, the appearance of the expert, or the appeal. I acknowledge that the record does not preponderate against the trial court's determination that Ms. Gothard's assertion that Mr. Acuff had been "lead counsel" on the case in the trial court was not believable. However, the trial court stated from the very beginning that it had no problem with continuing the case from the March 18 trial date. Thus, who had been "lead counsel" was of no consequence to the issues of concern.

Moreover, I view her reasoning leading to her decision not to appeal to be anything but gamesmanship or preplanned. The fact that a continuance was already granted could be significant in this court's determining whether an interlocutory appeal was necessary. This court does not give advisory opinions. On the other hand, I believe Ms. Gothard should have pursued an appeal because she knew that the trial court's removing the case from the trial docket was for the very purpose of an interlocutory appeal. The central thing to remember relative to the trial court's actions is that the court was removing the defendant's counsel to which he was entitled. As demonstrated in State v. Huskey, 82 S.W.3d 297, 309 (Tenn. Crim. App. 2002), the trial court may not remove counsel unless less drastic measures are unavailing. In this respect, we should not lose sight of the fact that the motion before the court was one for a continuance. Once notified by Ms. Gothard of her intent not to appeal, the trial court could easily have set the case for trial on July 22 and be done with it. Counsel would then be left with only the option of seeking an extraordinary appeal. However, she should not have been removed.

Lastly, although the record shows Ms. Gothard had a capital case in early July and one in early September, I simply cannot conclude that it shows that she was overworked or could not otherwise competently handle the present case. Thus, I do not believe that her case load justified removal from the case.

As for the appropriate remedy, the record reflects a peculiar situation. The majority opinion states that substitute counsel has continued to provide services to the defendant despite this appeal. Although the record reflects that substitute counsel obtained an order for expert services on May 8, 2003, this court entered a stay of all proceedings in the trial court on May 16, 2003. The extent of substitute counsel's services is open to question. It may or may not be that substitute counsel has developed a rapport with the defendant by which the defendant prefers substitute counsel to proceed. Under these circumstances, I would remand the case to the trial court for it to determine if the defendant preferred substitute counsel and allow counsel according to the defendant's preference.

_____
JOSEPH M. TIPTON, JUDGE